Samuel M. Gold, J.
Approval is sought under the Membership Corporations Law (§10) of a proposed certificate of incorporation of the United Winograder Medical Center in Israel, Inc.
The aims of the proposed corporation, as set forth in the certificate, are as follows:
“ The purchase, erection, establishment of a dispensary, hospital and out-patient department in Haifa, Israel, for the care, nursing and treatment of persons who are sick, infirm, or otherwise disabled or helpless, including maternity cases. #
“ To receive, collect, solicit, raise and administer funds for the above mentioned purposes in the State of New York or in any other state or country where same may be permitted. ’ ’
The purposes of the proposed corporation are laudable but there is nothing in the papers to demonstrate that they can be achieved by the sponsors. The greater likelihood is that they will conflict with similar endeavors now in process. For example, there is the Hadassah, an organization of Jewish women in the United States, which, for a great many years has *28 been devoted to the maintenance of hospitals in Israel. It has a wide and complete program of medical care, which includes hospital and out-patient treatment, prenatal care, maternity care, etc. The Labor Zionist Organization and the Red Mogen David likewise sponsor wide programs of medical work of a similar nature. The Joint Distribution Committee has a program called “ Malben ” which spends millions of dollars on hard core medical cases. The United Jewish Appeal in America allocates large sums of money in Israel for services which include work of medical care.
In response to a request by the court for additional identification of the various subscribers and a more detailed statement as to the necessity for such an organization, the attorney for the subscribers has submitted an affidavit which states no more than that 1 ‘ he knows the various persons who have signed the certificate of incorporation primarily through their activities in various other Jewish organizations such as United Jewish Appeal, Histradrut, etc.”
Further he states: ‘ ‘ That among the organizers, though not a subscriber, is deponent’s mother-in-law who was the New York State representative at the first official visit to Israel of the Histradrut immediately upon the recognition of the State of Israel. That based upon her report as well as others that have followed, this group of people feel that there is a tremendous need for the establishing of a medical center in Israel such as is contemplated by the proposed certificate of incorporation.”
In Matter of Boy Explorers of America (21 Misc 2d 115) the court, in denying approval of a certificate, stated that: 1 ‘ The approval of a Justice of the Supreme Court as required by statute (Membership Corporations Law, § 10) does not involve simply the performance of a ministerial act, but the exercise of a judicial function to decide whether the special privilege of a corporate charter should be granted or conferred under all the circumstances surrounding the application.”
Having this in mind, the court concludes that the proposed corporation would merely lead to' confusion and misunderstanding and tend greatly to impair the work now being carried on by the long-established and well-known agencies above mentioned.
The application for approval of the proposed certificate of incorporation is accordingly denied.